# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA     CRIMINAL NO. 19-0003 (01)

VERSUS     JUDGE DONALD E. WALTER

STEVEN DEWAYNE GILBERT     MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a Motion to Suppress and Request for Franks[1] Hearing filed by the Defendant, Steven Dewayne Gilbert ("Gilbert"). See Record Document 199. The Government opposes this motion. See Record Document 204. For the reasons assigned herein, Gilbert's motion is hereby **DENIED**.

## BACKGROUND INFORMATION

Gilbert is charged with one count of conspiracy to possess with the intent to distribute cocaine, a schedule II controlled dangerous substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). Additionally, Gilbert is also charged with one count of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Gilbert's co-defendants are Roderick Dewaine Hogan ("Hogan"), Damione Brock ("Brock"), Marvin Beck, and Keisarah McGee.

In 2018, Drug Enforcement Administration ("DEA") agents were investigating Hogan for dealing drugs. As part of the investigation, the Honorable S. Maurice Hicks, Jr., Chief United States District Judge for the Western District of Louisiana, signed several orders authorizing the interception of wire communications by Hogan and Gilbert. The date of the Court's orders,

---

[1] See Franks v. Delaware, 438 U.S. 154, 171-72, 98 S.Ct. 2674, 2684-85 (1978).

phone owner, and number intercepted are as follows: (1) October 4, 2018, Hogan, (318) 578-2387 and (318) 402-2227; (2) October 18, 2018, Hogan, (318) 423-4087, (3) November 5, 2018, Hogan, (318) 578-2387; (4) November 16, 2018, Gilbert, (318) 578-3434.

The Government alleges that on or around December 14, 2018, Gilbert's intercepted phone, (318) 578-3434, received several phone calls from Kegan Weaver ("Weaver") from the number (501) 504-6364. The phone calls allegedly revealed that Weaver discussed the purchase of cocaine from Gilbert. The Government contends that Gilbert and Weaver met up and drove to Hogan's home in Plain Dealing, Louisiana. The two were allegedly at Hogan's home for several minutes before driving back to Gilbert's home. A short while later, Weaver left Gilbert's home and began driving back to his home in Arkansas. Weaver was stopped by law enforcement while driving home, and 28 grams of cocaine were discovered in his vehicle.

On December 18, 2018, search warrants were executed on Gilbert's homes in Plain Dealing, Louisiana, and Lewisville, Arkansas. The same day, Gilbert's phone was intercepted. Gilbert was allegedly heard arranging to sell cocaine to Patrick Clayton.

Gilbert seeks to suppress all wire and electronic intercepts occurring between November 30, 2018 through December 18, 2018 to and from telephone number (318) 578-2387 belonging to Hogan. See Record Document 199 at 5. Gilbert also seeks to suppress all evidence derived therefrom as fruit of the poisonous tree. See id.

**LAW AND ANALYSIS**

The Omnibus Crime Control and Safe Street Act of 1968 provides that under certain circumstances a federal judge may issue wiretap orders authorizing the interception of communications in an effort to prevent, detect, or prosecute serious federal crimes. See 18 U.S.C. § 2510 et seq. The statute requires that a judge must find probable cause to issue the

order, and sets forth detailed requirements for both the application process as well as the order authorizing the wiretap. See 18 U.S.C. § 2518. The statute also provides that wiretaps, and evidence derived therefrom, may be suppressed if: "(i) the communication was unlawfully intercepted; (ii) the order or [] approval under which it was intercepted is insufficient on its face; or (iii) the interception was not made in conformity with the order of authorization or approval." 18 U.S.C. § 2518(10)(a). Gilbert raises several arguments in support of his motion to suppress the wire intercepts in the case against him, which the Court will address in turn.

A. Alleged Irregularities with the Application

Gilbert argues that the Government's November 5, 2018, Application for Continued Interception of Wire and Electronic Communications that was presented to Judge Hicks included an attachment which does not contain the true initials or signature of Deputy Assistant Attorney General Raymond Hulser. See Record Document 199 at 1. Gilbert argues that this results in the Department of Justice ("DOJ") approving officer being misidentified. See id. The exhibit in question contains Raymond Hulser's name and title of Deputy Assistant Attorney General, Criminal Division. See Record Document 204-1 at 16-17 (Government Ex. A). A signature appears directly above Mr. Hulser's name and title. See id. Gilbert argues that the signature is not that of Mr. Hulser.

"[A]n evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact." United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983). A hearing is necessary only when a defendant alleges sufficient facts, if proven true, that would justify relief. See id. Sufficient facts are those that are specific, detailed, and nonconjectural. See id. A bare allegation such as Gilbert's is insufficient to support such a claim. Although Gilbert argues that the signature authorizing the application for continued

3

wiretap interceptions is not that of Mr. Hulser, he has offered the Court nothing to support this contention other than argument. "General or conclusory assertions, founded upon mere suspicion or conjecture, will not suffice." Id. (citation omitted).

Gilbert further argues that even if the signature contained in Government Exhibit A is that of Deputy Assistant Attorney General Raymond Hulser, he did not have authorization nor probable cause[2] to approve the continued interception of communications to and from telephone number (318) 578-2387 belonging to Hogan. See Record Document 199 at 2. This argument is without merit. Title 18 U.S.C. § 2516(1) provides that any Deputy Assistant Attorney General may authorize an application to present to a federal judge to obtain a wire intercept. The Government's Exhibit A is a letter from the Attorney General's office to the Criminal Division of the Department authorizing the presentation of the wire intercept application for number (318) 578-2387 to a federal judge. Mr. Hulser did not "approve" the wire intercept. Only a federal judge may do that. Mr. Hulser, in his capacity as Deputy Assistant Attorney General, approved the presentation of the application to Judge Hicks. This is clearly within Mr. Hulser's authority under the statute.

B.  Use of Wiretap for Drug Offenses

Gilbert also questions whether the application for continued intercepts contained evidence of an enumerated felony offense under Title 18 U.S.C. § 2516. See Record Document 199 at 2. Section 2516(1)(e) allows for a wire intercept to be used for "any offense involving fraud connected with a case under title 11 *or the manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in narcotic drugs, marihuana, or other dangerous drugs, punishable under any law of the United States*." See 18 U.S.C. § 2516(1)(e)

---

[2] The Court will address probable cause in a separate section.

4

(emphasis added). A wire intercept is also authorized in cases involving "any conspiracy to commit any offense described in any subsection of this paragraph." 18 U.S.C. § 2516(1)(u). As noted above, Gilbert is charged with one count of conspiracy to possess with the intent to distribute cocaine, a schedule II controlled dangerous substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(C). This is a conspiracy charge related to buying, selling, or otherwise dealing in drugs. Gilbert is also charged with one count of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The Court finds that the statute clearly authorizes the use of a wiretap in this case.

C.  Probable Cause

Gilbert also argues the November 5, 2018 application to continue wire interceptions failed to establish probable cause of the commission of felony offenses in violation of 18 U.S.C. § 2516 by Hogan, Xavier McGlothan ("McGlothan"), Gilbert, or Brock. See Record Document 199 at 3. The Government contends that probable cause was established because the application packet also included an affidavit from law enforcement that sets forth violations of 21 U.S.C. §§ 841 and 846. See Record Document 204 at 5.

"An order authorizing a wiretap, like an ordinary search warrant, must of course be supported by probable cause." United States v. Hyde, 574 F.2d 856, 862 (5th Cir. 1978). Probable cause in the context of a wiretap is the same as that required for a search warrant. See United States v. Green, 04-0295, 2005 WL 1041205, at *2 (E.D. La., April 29, 2005) (citing United States v. Milton, 153 F.3d 891, 894 (8th Cir. 1998)). "Probable cause does not require proof beyond a reasonable doubt, but only a showing of the probability of criminal activity." United States v. Froman, 355 F.3d 882, 889 (5th Cir. 2004) (quoting United States v. Daniel, 982 F.2d 146, 151 (5th Cir. 1993)). A court may find probable cause upon a common-sense reading

of the entire affidavit, taking into consideration the "indices of reliability that courts have traditionally found worthy of respect." Hyde, 574 F.2d at 863. Whether probable cause exists is evaluated using a totality of the circumstances approach. See United States v. Huerra, 884 F.3d 511, 515 (5th Cir. 2018).

Gilbert's argument that the application lacked probable cause is without merit. The November 5, 2018 application included an affidavit prepared and signed by Caddo Parish Deputy Robert Chapman ("Deputy Chapman"), who was assigned to the DEA's drug enforcement task force in Shreveport, Louisiana. See Record Document 205. Therein, Deputy Chapman provided the following evidence in support of the application for a continued wiretap:

> (a) *Previously authorized wire intercepts on October 12-15, 2018, of conversations between Gilbert and Hogan concerning drug transactions*: Gilbert is allegedly heard stating that he was "finna go out of town, go to make a run," indicating that Gilbert was going to see a drug supplier. See id. at 7-13. Gilbert and Hogan are also allegedly heard discussing the process of converting cocaine into crack-cocaine and its resulting monetary value. See id. Later, Gilbert and Hogan are allegedly heard discussing drug transactions with other unknown individuals.
>
> (b) *Previously authorized wire intercepts on October 8, 2018, between Hogan and McGlothan*: Law enforcement interprets the intercepts as McGlothan inquiring whether Hogan has methamphetamine available. See id. at 13-15. The wire intercepts also contain text messages that law enforcement interprets as McGlothan scheduling the payment for and purchase of methamphetamines from Hogan. See id. McGlothan also allegedly arranged to send money to Hogan with an unnamed female who was going to drive to Hogan's house. See id.
>
> (c) *Previously authorized wire intercepts on October 15, 2018, between Hogan and Brock*: The wire intercepts are interpreted by law enforcement as Brock advising Hogan to keep a low profile after Hogan became concerned that he was being surveilled by law enforcement. See id. at 15-18. Brock is allegedly heard urging Hogan to tell his associates not to cooperate with law enforcement if encountered. See id. Brock and Hogan also allegedly discussed the possibility that Hogan's phone had been tapped, and Hogan indicated he would call Brock back on another phone. See id.

Upon the review of Deputy Chapman's affidavit, the Court finds that probable cause existed to approve the November 5, 2018 application to extend the existing wiretap of Hogan's phone. There was more than sufficient information contained in the affidavit to establish probable cause, based on a totality of the circumstances, that Hogan was engaged in criminal activity. Moreover, because the affidavit alleges that Gilbert was previously heard discussing a drug supply run and the process of converting cocaine to crack-cocaine with Hogan, the Court finds that probable existed of Gilbert's criminal activity as well.

D.  Location of the Wire Intercepts

Gilbert also argues that the wire intercepts of (318) 578-2387 occurring between November 30, 2018 and December 18, 2018 were unlawful because the DEA first heard or read and minimized the intercepts from a listening post in the Eastern District of Louisiana, such that the DEA did not comply with the Court's order authorizing the intercept. See Record Document 199 at 3-4. Although Gilbert does not fully explain this point in his brief, the Court will assume that Gilbert bases his argument on the DEA surveillance report attached to the Government's brief. See Record Document 204-2.

Title 18 U.S.C. § 2518(1) provides that an application for a wire intercept may be presented to a judge of competent jurisdiction. Upon presentation, the judge may enter the order approving the interception of wire, oral, or electronic communications within the territorial jurisdiction of the court in which the judge is sitting. See 18 U.S.C. § 2518(3). A court's jurisdiction over a wire intercept arises when either: (1) the telephone subject to the court's interception order is located inside the territorial jurisdiction of the court, *or* (2) the place where the interceptions are first heard or read and minimized are within the territorial jurisdiction of the

court that issued the order. See Dahda v. United States, ___ U.S. ___, 138 S.Ct. 1491, 1495 (2018) (emphasis added).

The DEA report does contain a reference to New Orleans, Louisiana. See Record Document 204-2. However, the Government has provided an affidavit written by Deputy Chapman, the author of the DEA report, which provides additional information. See Record Document 204-3. Deputy Chapman states in his affidavit that all communications intercepted from numbers (318) 423-4087, (318) 578-2387, (318) 402-2227, and (318) 578-3434 were first heard or read and minimized at the DEA's Shreveport Resident Office located within the Western District of Louisiana. See Record Document 197-3 at 4. Deputy Chapman also states that any reference to New Orleans contained in the report is merely an indication that the report was forwarded through the DEA's Division Office, which is located in New Orleans. See id. at 1. This is sufficient for the Court to find that the jurisdictional requirements discussed in Dahda were met in this case.

E.     Alleged Insufficiency of the Court's Orders

Gilbert also argues that each of the Court's intercept orders is "insufficient on its face" because each contained the following phrase "[…] in the event that TARGET TELEPHONE 1 is used outside the territorial jurisdiction of this Court, interceptions may continue in the Western District of Louisiana, where communications over the TARGET TELEPHONE 1 will first be heard or read and minimized." See Record Document 199 at 4-5; Record Document 205 at 3. Gilbert argues that the wiretap orders are facially insufficient because the quoted phrase authorizes interceptions to occur outside the territorial jurisdiction of the authorizing judge, the Western District of Louisiana. See Record Document 199 at 4 (citing Dahda, 138 S.Ct. 1491).

8

As noted above, the wiretap statute provides for the suppression of intercepts and evidence under certain circumstances, including if the wiretap order is "insufficient on its face." See 18 U.S.C. § 2518(10)(a)(ii). An order is "insufficient on its face" when it lacks the "information that the wiretap statute requires it to include" as set forth in 18 U.S.C. § 2518(4). See Dahda, 138 S.Ct. at 1499-1500.[3] Although Gilbert alleges that the order is insufficient, he has not alleged that any of the statutorily required information is missing. Rather, Gilbert contends that the order is insufficient because of the phrase providing for the continued intercepts of the target telephone outside of the district if the communications are first heard or read and minimized within the district. See Record Document 199 at 4-5. Gilbert also notes that he has a second residence in Lewisville, Arkansas, which is outside of the Court's jurisdiction. See id. at 5.

The Court finds Gilbert's argument unpersuasive for two reasons. First, as noted, Gilbert has not alleged that the wiretap orders failed to contain the statutorily required information under section 2518(4). If the statutorily required information is contained in the orders, then they are not insufficient on their face. Second, the phrase challenged by Gilbert is not improper under Dahda. A court has jurisdiction over a wiretap order if the authorized intercepts are first heard or read and minimized within its territorial jurisdiction. See id. at 1495, 1499; see also United States v. Denman, 100 F.3d 399 (5th Cir. 1996). Deputy Chapman's affidavit establishes that all

---

[3] The wiretap order is required to contain and specify the following information: "(a) the identity of the person, if known, whose communications are to be interpreted; (b) the nature and location of the communications facilities as to which, or the place where, authority to intercept is granted; (c) a particular description of the type of communication sought to be intercepted, and a statement of the particular offense to which it relates; (d) the identity of the agency authorized to intercept the communications, and of the person authorizing the application; and (e) the period of time during which such interception is authorized, including a statement as to whether or not the interception shall automatically terminate when the described communication has been first obtained." 18 U.S.C. § 2518(4).

9

of the intercepts were first heard or read and minimized within this district. As such, the Court finds that the intercepts were legitimate.

F.  Request for Franks Hearing

Gilbert has requested a Franks hearing regarding the veracity of the affidavit used to obtain the continued wire intercepts. See Record Document 199 at 6. To obtain such a hearing, Gilbert must show that (1) the allegations in the supporting affidavit contained a deliberate falsehood or were made with reckless disregard for the truth, and (2) the remaining portion of the affidavit is not sufficient to find probable cause. See United States v. Minor, 831 F.3d 601, 603 (5th Cir. 2016); Franks, 438 U.S. at 171-72, 98 S.Ct. at 2684-85.

Gilbert has not alleged that the affidavit supporting the wiretap application contains a falsehood or was made with a reckless disregard for the truth. As such, a Franks hearing is not appropriate.

## CONCLUSION

Accordingly, and upon due consideration, Gilbert's Motion to Suppress and Request for Franks Hearing (Record Document 199) is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 5th day of September, 2019.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE