UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 19-0003-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| STEVEN DEWAYNE GILBERT | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed by Petitioner Steven Dewayne Gilbert ("Gilbert"). See Record Document 608. The Government filed a response in opposition to Gilbert's motion. See Record Document 609. For the following reasons, Gilbert's motion is **DENIED**.

**BACKGROUND**

According to the factual basis submitted in conjunction with the guilty plea, beginning in October of 2018 and continuing through December of 2018, Gilbert conspired with other persons to distribute and to possess with the intent to distribute cocaine. Telephone communications related to drug trafficking between Gilbert and a co-defendant were intercepted numerous times on a cell phone utilized by Gilbert, including conversations where discussions about the distribution of cocaine and the conversion of powder to crack cocaine were had. As a result of the interception of the telephone communications, law enforcement determined that Gilbert and others were distributing cocaine in Springhill and Plain Dealing, Louisiana, as well as in Arkansas.

On February 13, 2019, Gilbert was indicted by a federal grand jury on a superseding indictment that charged Gilbert and others with various drug trafficking offenses. See Record Document 39. On June 3, 2019, the Government filed an "Information To Establish Prior

Conviction Pursuant to 21 US.C. § 851." See Record Document 133.  On July 17, 2019, a four-count second superseding indictment was returned, charging Gilbert and others with various drug trafficking offenses.  On October 2, 2019, Gilbert pled guilty to Count 2 of the second superseding indictment, which charged him with conspiracy to possess with intent to distribute cocaine.  The presentence report ("PSR") noted that, although Gilbert had a base offense level of 14 based on the drug amount attributable to him, Gilbert also had at least two prior felony convictions for either crimes of violence or controlled substance offenses and was, thus, subject to the career offender enhancement under United States Sentencing Guideline ("USSG") Section 4B1.1.  Because of his career offender enhancement, Gilbert's offense level was now 34.  After a three-point reduction for acceptance of responsibility, Gilbert had a total offense level of 31 and a criminal history category of VI, which resulted in a guideline range of 188-235 months of imprisonment.

Gilbert's retained attorney filed objections to the PSR and a sentencing memorandum.  The attorney also offered letters and a witness on behalf of Gilbert and asked for a downward variance from the guideline range.  Gilbert was sentenced by this Court to 188 months of imprisonment, the low end of the sentencing guidelines.  Gilbert's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court denied Gilbert's petition for writ of certiorari on November 15, 2021.  See Record Document 555.

Gilbert then filed the instant motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on November 22, 2022, arguing equitable tolling to excuse the late filing.  See Record Document 608.  In his motion, Gilbert argues, inter alia, that he was denied effective assistance of counsel during the sentencing phase of his proceedings.  See id.  Before considering the merits of Gilbert's Section 2255 motion, this Court must decide the issue of timeliness, as the Government

argues that Gilbert did not file his motion in accordance with the applicable statute of limitations. See Record Document 611.

## LAW AND ANALYSIS

**A.      Timeliness.**

To review the merits of a motion under Section 2255, it must be filed within the statute of limitations. Title 28, United States Code, Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Section 2255(f)(1) is controlling.

In connection with the filing of a Section 2255 motion, "a conviction becomes final when a defendant's options for further direct review are foreclosed." United States v. Thomas, 203 F.3d 350, 352 (5th Cir. 2000). Gilbert filed a notice of appeal and then filed a petition for writ of certiorari, which was denied on November 15, 2021. See Record Document 555. With regard to a Section 2255 motion, a conviction becomes final when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076 (2003). Gilbert therefore had one year from November 15, 2022, to file his Section

2255 motion. He did not file the instant Section 2255 motion until November 22, 2022, which is beyond this time deadline.[1] See Record Document 608.

The statute of limitations in 28 U.S.C. § 2255(f) is not a jurisdictional bar, and it is subject to equitable tolling under extraordinary circumstances. Gilbert acknowledges that his conviction was final over a year ago but argues that "the one year statute of limitation . . . does not bar my motion due to the covid-19 Pandemic endured by unforeseen acts of God." Record Document 608 at 18. To warrant equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." United States v. West, 578 F. Supp. 3d 962, 966 (N.D. Ohio Jan. 5, 2022) (internal quotations and citation omitted). "[T]he COVID-19 pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis." Id. at 967 (internal quotations and citation omitted).

Courts have concluded that the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for Section 2255 motions. United States v. Haro, No. 18-66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). The "certain circumstances" involve defendants who had been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19. In cases where prisoners have sought equitable tolling due to prison lockdowns and the closure of prison law libraries as a result of COVID-19, "prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to

---

[1] Nor does the prison mailbox rule excuse this delay. See United States v. Franks, 397 F. App'x 95, 98 (5th Cir. 2010) (under the prison mailbox rule, a prisoner's motion is deemed filed the day the motion is deposited into a legal mailbox at the prisoner's correctional institution). There is no mark on the envelope received with Gilbert's motion to indicate that the motion was placed in the prison mailing system and both the motion and accompanying memorandum indicate that they were executed on November 22, 2022. See Record Document 608.

4

file a [Section] 2255 motion" prior to the lockdown. United States v. Thomas, No. 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); see also United States v. Barnes, No. 18-154, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims). Here, Gilbert has failed to demonstrate that he diligently pursued his right to file a Section 2255 motion. His general arguments about COVID-19 are insufficient to justify equitable tolling. See Andrews v. United States, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) ("Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition."). Gilbert does not allege in any of his filings that he did anything that would arguably amount to diligent pursuit of his rights during the year that he had to file his motion. "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

Gilbert has failed to establish that he had been pursuing his rights diligently and would have timely filed if not for external obstacles caused by COVID-19. Accordingly, his Section 2255 motion is not timely.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Gilbert's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 (Record Document 608) is **DENIED**.[2]

Pursuant to Rule 11(a) of the rules governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of August, 2023.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[2] Even had the Court been able to reach the merits of Gilbert's motion, it would nonetheless have been **DENIED**, as his attorney was not ineffective nor did this Court fail to comply with 21 U.S.C. § 851(b).