UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-3-1 |
| VERSUS | JUDGE DONALD E. WALTER |
| STEVEN GILBERT | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for compassionate release filed by the defendant, Steven Gilbert ("Gilbert"). See Record Document 653. The Government opposed Gilbert's motion, and Gilbert replied. See Record Documents 669, 672, and 674. Based on the following, the motion for compassionate release (Record Document 653) is **DENIED**.

## BACKGROUND

On February 13, 2019, Gilbert was indicted by a federal grand jury on a superseding indictment that charged Gilbert and others with various drug trafficking offenses. See Record Document 39. On June 3, 2019, the Government filed an "Information To Establish Prior Conviction Pursuant to 21 U.S.C. § 851." See Record Document 133. On July 17, 2019, a federal grand jury returned a four-count second superseding indictment, charging Gilbert and others with various drug trafficking offenses. See Record Document 157. On October 2, 2019, Gilbert pled guilty to conspiracy to possess with intent to distribute cocaine ("Count 2"). See Record Documents 258 and 259. Although Gilbert originally would have only had a base offense level of 14 based on the drug amount attributable to him, the presentence report ("PSR") indicated Gilbert was subject to the career offender enhancement under United States Sentencing Guideline ("USSG") Section 4B1.1, which increased his offense level to 34. See Record Document 401 at 7,

11-14; see also U.S.S.G. § 4B1.1. After a three-point reduction for acceptance of responsibility, Gilbert had a total offense level of 31 and a criminal history category of VI resulting in a guideline range of 188-235 months of imprisonment. See Record Document 401 at 8-9, 18.

Gilbert's retained attorney filed objections to the PSR and a sentencing memorandum. See Record Document 402. The attorney also offered letters and a witness on behalf of Gilbert and asked for a downward variance from the guideline range. See Record Documents 379-381. Gilbert was sentenced to 188 months of imprisonment, the low end of the sentencing guideline range. See Record Document 388. The United States Court of Appeals for the Fifth Circuit affirmed Gilbert's conviction and sentence, and the United States Supreme Court denied Gilbert's petition for writ of certiorari on November 15, 2021. See Record Documents 506 and 555. Gilbert filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on November 22, 2022, arguing equitable tolling excused any untimeliness. See Record Document 608. On August 30, 2023, the Court denied Gilbert's § 2255 motion. See Record Document 619.

Gilbert has now filed this motion for compassionate release. See Record Document 653. Gilbert contends that he has extraordinary and compelling reasons under USSG Section 1B1.13(b)(6), alleging that he is serving an unusually long sentence, served at least 10 years of the term of imprisonment, and there are changes in the law that warrant relief. See id. at 5-8. Specifically, Gilbert alleges that there are two relevant changes in the law: (1) his career offender designation under USSG Section 4B1.1 is invalid because conspiracy is not a controlled substance offense and (2) the mandatory minimum has decreased from thirty years to twenty years as it relates to the Section 851 enhancement of the First Step Act ("FSA"). See id.; see also 21 U.S.C. § 841; 21 U.S.C. § 841 (2018); 21 U.S.C. § 851. In opposition, the Government argues that Gilbert's challenge to the validity of his sentencing should be dismissed as not cognizable and

2

further argues that USSG Section 1B1.13(b)(6) does not apply to Gilbert. See Record Document 669 at 6-7.

## LAW AND ANALYSIS

### I. Exhaustion of Remedies.

A court may consider compassionate release motions directly from prisoners. See 18 U.S.C. § 3852(c)(1)(A). But before a prisoner pursues compassionate release through a district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden. See id. On October 29, 2024, Gilbert filed the instant motion seeking compassionate release. See Record Document 653. The Government initially argued that Gilbert had not carried his burden of showing he satisfied the exhaustion requirement. See Record Document 669 at 1. However, in response, Gilbert submitted the request he made to the Bureau of Prisons ("BOP") on July 1, 2024. See Record Document 674 at 1; see also 18 U.S.C. § 3582(c)(1)(A) (Under this section, the Court has the authority to reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. . . ."). Therefore, the Court finds that Gilbert exhausted his administrative remedies.

### II. Extraordinary and Compelling Reasons.

As discussed *infra*, the Court could pretermit consideration of whether Gilbert has presented extraordinary and compelling reasons justifying relief because it ultimately finds the Section 3553(a) factors weigh against compassionate release. See 18 U.S.C. § 3553(a). Nevertheless, out of an abundance of caution, the Court finds it prudent to consider Gilbert's arguments allege extraordinary and compelling reasons. Generally, "[a] court may not modify a

3

term of imprisonment once it has been imposed" unless an exception applies. 18 U.S.C. § 3582(c). One exception allows a court to reduce an inmate's sentence after the court finds (1) that extraordinary and compelling reasons exist and warrant such a reduction; (2) those reasons are consistent with the applicable policy statement promulgated by the United States Sentencing Commission; and (3) an examination of the Section 3553(a) sentencing factors supports a sentence reduction. See 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The inmate bears the burden of showing why a reduction is justified. See United States v. Clark, 451 F. Supp. 3d 651, 656 (M.D. La. 2020).

Congress did not define "extraordinary and compelling reasons" and instead charged the Sentencing Commission with issuing general policy statements outlining the appropriate use of the sentence modification provisions set forth in Section 3582(c), including "what should be considered extraordinary and compelling reasons for sentence reduction [and] the criteria to be applied. . . ." 28 U.S.C. § 994(a)(2)(c), (t). The Sentencing Commission amended the Sentencing Guidelines effective November 1, 2023. As amended, "[e]xtraordinary and compelling reasons exist under any of the following circumstances or [through] a combination thereof": (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) being a victim of sexual or physical abuse while in custody, (5) other reasons with equal gravity as the aforementioned circumstances, and (6) unusually long sentences. U.S.S.G. § 1B1.13(b). Gilbert contends that he has extraordinary and compelling reasons under USSG Section 1B1.13(b)(6) and that he is entitled to compassionate release because (1) his career offender designation under USSG Section 4B1.1 is invalid because conspiracy is not a controlled substance offense and (2) there's been a change in the mandatory minimum as it relates to Section 851 of the FSA. See Record Document 653 at 5-8; 21 U.S.C. § 841; 21 U.S.C. § 841 (2018); 21 U.S.C. § 851.

USSG Section 1B1.13(b)(6) provides:

4

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). The Court notes that in the absence of guidance from Congress or the Sentencing Commission, appellate courts are split on whether district courts could consider non-retroactive changes in the law as a factor when deciding whether extraordinary and compelling reasons existed for compassionate release.[1] "The Fifth Circuit has not directly addressed the validity of [USSG Section] 1B1.13(b)(6)." United States v. Gordon Jackson, 97-141, 2025 WL 1489178, at *1 (E.D. La. May 23, 2025).

Assuming for purposes of argument that the provision is a valid exercise of the Commission's authority, the Court will consider Gilbert's arguments under USSG Section 1B1.13(b)(6). Gilbert must meet three requirements to succeed under this section. See U.S.S.G. § 1B1.13(b)(6). One of those requirements is that the defendant must have served at least ten years of that sentence. See id. The Government argues that this provision does not apply to Gilbert because he has not served at least ten years of that term as required. See Record Document 669 at

---

[1] Compare United States v. Chen, 48 F.4th 1092 (9th Cir. 2022), United States v. Ruvalcaba, 26 F.4th 14 (1st Cir. 2022), and United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), with United States v. Crandall, 25 F.4th 582 (8th Cir. 2022), United States v. Andrews, 12 F.4th 255 (3d Cir. 2021), and United States v. Thacker, 4 F.4th 569 (7th Cir. 2021). The Fifth Circuit produced dueling decisions regarding this issue. Compare United States v. Jean, 108 F.4th 275, 290-91 (5th Cir. 2024) (upholding Section (b)(6) on the ground that the Sentencing Commission "resolved the [circuit] split with a reasoned, middle-ground approach"), with United States v. Austin, 125 F.4th 688, 692-93 (5th Cir. 2025) (invalidating Section (b)(6) and holding that Jean "was wrongly decided").

7. The Court agrees. Gilbert has served approximately six years of his sentence, and therefore, he is not entitled to relief under USSG Section 1B1.13(b)(6).

Additionally, Gilbert's allegation that conspiracy is not a controlled substance offense under USSG Section 4B1.1 is incorrect. The Fifth Circuit binds this Court, and it has consistently held that conspiracy is a controlled substance offense under USSG Section 4B1.1. See United States v. Vargas, 74 F.4th 673, 698 (5th Cir. 2023) ("[W]e reaffirm our longstanding precedent that inchoate offenses like conspiracy are included in the definition of 'controlled substance offense'"); United States v. Lightbourn, 115 F.3d 291, 293 (5th Cir. 1997) ("The Sentencing Commission has now lawfully included drug conspiracies in the category of crimes triggering classification as a career offender under § 4B1.1"); United States v. Watkins, No. 23-10702, 2024 WL 138609, at *1 (5th Cir. Jan. 12, 2024) (upholding the decision in Vargas). Therefore, Gilbert's career offender classification for conspiracy is correct under USSG Section 4B1.1, and his argument fails again. The Court concludes that Gilbert's motion does not demonstrate that extraordinary and compelling reasons exist to reduce his sentence.

**III. Section 3553(a) Factors.**

Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a). Out of an abundance of caution, the Court considered Gilbert's extraordinary and compelling reasons arguments. However, the Court did not need to reach those arguments because the sentencing factors in Section 3553(a) weigh

against compassionate release. See United States v. Brown, 829 F. App'x 695, 696 (5th Cir. 2020) (affirming the district court's decision to decline to consider whether the defendant had shown "extraordinary and compelling reasons" because the defendant was a danger to the community and the sentencing factors weighed against compassionate release); United States v. Chambliss, 948 F.3d 691, 693-94 (5th Cir. 2020) (affirming district court's denial of compassionate release when the district court noted the existence of "extraordinary and compelling reasons" but ultimately found that the sentencing factors weighed against release); United States v. Allen, No. 12-138, 2024 WL 640017, at *3 (E.D. La. Feb. 15, 2024) (declining to reach arguments on extraordinary and compelling reasons for compassionate release because § 3553(a) factors weighed against compassionate release); 18 U.S.C. § 3582(c)(1)(A) (permitting a court to reduce a defendant's term of imprisonment if he has shown "extraordinary and compelling reasons" only "after considering the sentencing factors in section 3553(a)").

At Gilbert's sentencing, the Court considered the Section 3553(a) factors and concluded that a sentence of 188 months of imprisonment reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for the offense. See Record Document 388; see also 18 U.S.C. § 3553(a). Having reviewed Gilbert's motion and considered the Section 3553(a) factors anew, the Court again concludes that Gilbert's original sentence of 188 months is necessary and accordingly declines to reduce that sentence. First, the nature and circumstances of the offense weigh against reducing Gilbert's sentence. From October 2018 and continuing through December 2018, Gilbert played a significant role in a serious criminal conspiracy to distribute cocaine. See Record Document 401 at 5. Law enforcement authorities intercepted numerous phone communications between Gilbert and a co-conspirator regarding the distribution of cocaine and the conversion of powder to crack cocaine. See id. As a result of the interception of the telephone

7

communications, law enforcement determined that Gilbert and others were distributing cocaine in Springhill and Plain Dealing, Louisiana, as well as in Arkansas. See id. at 6. On one occasion, Gilbert directly supplied cocaine to Kagan Weaver. See id. On another, Gilbert and Weaver purchased cocaine from Roderick Hogan. See id. The Court notes that Gilbert was not merely a participant but played a prominent role in the drug-dealing conspiracy. See id. 5-6.

Second, the history and characteristics of Gilbert weigh against reducing Gilbert's sentence. A review of his criminal history demonstrates that the offense at issue falls within a long pattern of behavior stemming from decades of selling narcotics. Gilbert was convicted of Distribution of Cocaine in 2006 and Distribution of Methamphetamine in 2016. See id. at 11-12. Gilbert's history of prior drug felonies was considered during his sentencing. See Record Document 388. The Court further considered Gilbert's convictions of simple battery in 2001, aggravated assault in 2002, and aggravated assault with a firearm in 2003. See id.; Record Document 401 at 9-11.

Finally, Gilbert's original sentence affords adequate deterrence to criminal conduct and protects the public from further crimes committed by Gilbert. As set forth extensively *supra*, Gilbert poses a grave threat to public safety and community health because his criminal history demonstrates a pattern of violent behavior. The Court further finds that the initial sentence affords adequate deterrence to criminal conduct. Given Gilbert's role in this conspiracy, a significant sentence was necessary to deter not only Gilbert but also others who might be inclined to participate in similar drug trafficking conspiracy. Gilbert has served less than half of his sentence. Reducing his sentence contradicts the factors of Section 3553(a).

Gilbert notes that he "has been involved in extensive Evidence Based Recidivism Reduction" programming, and he has been "preparing himself for reentry into society." Record

Document 653 at 11. Additionally, Gilbert contends that he has participated in and is "on the verge of completing his GED studies." Record Document 672 at 7. Gilbert further argues that he has maintained outstanding progress reports at his work detail and completed many programs by the BOP. See id. The Court acknowledges Gilbert's noteworthy and admirable rehabilitation efforts. However, rehabilitation alone does not warrant compassionate release. See United States v. Stevenson, No. 03-309, 2022 WL 16758296, at *3 (E.D. La. Nov. 8, 2022) ("[R]ehabilitation alone does not constitute an extraordinary and compelling reason for compassionate release under the First Step Act."); United States v. Hughes, No. 18-46, 2022 WL 2483720, at *4 (E.D. Tex. July 6, 2022) (collecting cases holding that post-sentencing rehabilitation, though commendable, does not necessarily justify compassionate release). The Court further finds that, despite Gilbert's commendable rehabilitation efforts, he has failed to make a showing of extraordinary and compelling reasons warranting compassionate release, and a consideration of the Section 3553(a) factors indicates that release is inappropriate. Therefore, Gilbert has not met his burden for compassionate release.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Gilbert's motion for compassionate release (Record Document 653) is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 17th day of June, 2025.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE